FILED
APR 01 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                    DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Magistrate Case No. 08MJ8258 |
| Plaintiff, ) | |
| v. ) | FINDINGS OF FACT AND ORDER OF DETENTION |
| Thomas PARQUETTE (2), ) | |
| Defendant. ) | |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 et seq.), a detention hearing was held on March 27, 2008, to determine whether defendant Thomas PARQUETTE, should be held in custody pending trial on the grounds that he is a flight risk. Assistant U. S. Attorney Sabrina Feve appeared on behalf of the United States. Diane Regan of Federal Defenders of San Diego, Inc. appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the pretrial services report, and the criminal complaint issued against the Defendant on March 24, 2008, by this Court, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant required.

///

///

///

I

FINDINGS OF FACT

A.   Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1)

1. The Defendant is charged in Criminal Complaint No. 08MJ8258 with the importation of 10.40 kilograms (22.88 pounds) of heroin, in violation of 21 U.S.C. § 952 and 960. Therefore, probable cause exists to believe the Defendant committed the charged offense.

2. The charged offense is an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Uniform Controlled Substances Act (21 U.S.C.§ 801 et seq.). Thus, there arises a presumption that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required. See 18 U.S.C. § 3142(e).

3. The offense carries with it a minimum mandatory 10 year sentence and a maximum life sentence. See 21 U.S.C. § 960(b)(1)(B). According to the United States Sentencing Guidelines, the Base Offense level is 36. See USSG § 2D1.1(2). Assuming the Defendant's criminal history score places him in Criminal History Category I, See USSG § 4A1.1, the sentencing range for the Defendant is 188-235 months in prison.

B.   Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2):

1. The case against the Defendant is strong. On March 22, 2008, Defendant Thomas PARQUETTE was the passenger in a 1995 Chrysler Cirrus being driven by his wife Defendant (1) as they entered the Calexico, California, West Port of Entry. The vehicle was registered to another person. Mrs. PARQUETTE stated the vehicle belonged to Mr. PARQUETTE's friend. The vehicle and both occupants were referred to secondary for a closer examination of the vehicle. At secondary, Mr. PARQUETTE stated the vehicle belonged to his friend and he was not sure of his name. A Narcotic Detector Dog alerted to the dashboard area of the vehicle. A subsequent search of the vehicle resulted in the discovery of 10.40 kilograms (22.88 pounds) of heroin concealed in the a non-factory compartment located in the dashboard of the vehicle.

Additionally, evidence proffered by the government revealed that Mr. PARQUETTE had driven the vehicle into the U.S. the night before, on March 21, at which time, the vehicle was referred to secondary inspection. Secondary Inspectors found no drugs at this time. After crossing into the U.S.,

on the night of March 21, Mr. PARQUETTE convinced his wife to return to Mexico to complete their trip.

The next day, when Mrs. PARQUETTE drove the couple to the Port of Entry, she repeatedly turned to her husband for guidance on how to answer inspectors' questions.

Both Mr. and Mrs. PARQUETTE advised officers that they had never previously visited Mexico. Record inspection, however, revealed that Mr. PARQUETTE had visited Mexico on two prior occasions in 2007.

C.   History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3):

    1.   The Defendant is a United States citizen.

    2.   The Defendant resides with his wife, child, and two step-children in Hesperia, California.

    3.   The Defendant is an unemployed commercial truck driver whose license is expired. He is currently on Workers' Compensation.

    4.   Mrs. PARQUETTE is unemployed and receives $1000.00 in survivor's benefits. The couple is paying approximately $1200.00 a month on an apparent mortgage.

D.   Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4):

    1.   The government proffered no evidence to suggest that release of the Defendant would pose a danger to any person or the community. The Defendant has the following criminal history:

    10/04/07 - 23152(a) VC DUI Alcohol/Drugs w/priors - Disposition Unknown
               - 11550 HS Use/under influence Control Substance - Disposition Unknown

## II

## REASONS FOR DETENTION

A.   There is probable cause to believe that the Defendant committed the offense charged in Criminal Complaint Number 08MJ8258, to wit: the importation of 10.40 kilograms (22.88 pounds) of heroin in violation of 21 U.S.C. § 952 and 960.

B.   The Defendant faces a substantial period of time in custody if convicted of the offense charged in the Complaint. He therefore has a strong motive to flee.

C.  The Defendant has not rebutted the presumption, based upon the Court's findings that there is probable cause to believe that the Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), that no condition or combination of conditions will reasonably assure the appearance of the Defendant at future court proceedings.

II

ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: 4-1-08

PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

Prepared by:

KAREN P. HEWITT
United States Attorney

SABRINA L. FEVE
Assistant U. S. Attorney

cc: Diane Regan
    Federal Defenders of San Diego, Inc.